## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 3105 | **DATE** | 3/22/2012 |
| **CASE TITLE** | Christopher Schneider vs. George Love, Lake County Deputy | | |

**DOCKET ENTRY TEXT**

The Parties' Motions *in Limine* are granted in part and denied in part.

■[ For further details see text below.]   Docketing to mail notices.

### STATEMENT

The court would like to remind the parties that rulings on Motions in Limine are exactly that: "Motions in the Beginning," the rulings on which are made on an incomplete record and subject to review as the case proceeds. The limitation of these rulings is that no one is to violate them in front of the jury without first obtaining permission from the Court outside the presence of the jury.

PLAINTIFF'S MOTIONS

1. To preclude audio recordings and their transcripts. Plaintiff contends that they constitute hearsay. The Defendant contends that they are admissible, not for the truth, but to show information available to Defendant prior to the arrest that lead to this law suit. Ruling: only those recordings are admissible that Defendant Love actually heard or was told about prior to the arrest. These would not be hearsay but would constitute notice to Love of what he potentially was facing in the attempt to arrest Schneider.

2. To bar disclosure of Plaintiff's prior bad acts unknown to Defendant at the time of the arrest. The first "bad act" Plaintiff raises are the facts constituting the conviction of Plaintiff of criminal sexual assault and aggravated domestic battery, the crimes for which he was arrested that is the subject of this suit. Plaintiff admits the facts are admissible to the extent that Love was aware of them. The Court agrees and if Love was not aware then the facts will not be admissible. However, the evidence concerning any injuries that may have been sustained by Plaintiff as a result of the altercation with his wife is admissible so as to differentiate those injuries from the injuries sustained in this case. If Plaintiff asserts the Fifth Amendment, the Defendant may be entitled to a negative inference instruction.

3. There is no Motion No. 3.

4. To preclude Chief Eckentstahler from testifying to matters not personally known to him. Apparently the Chief gave the order for the deputies, including Defendant, to enter the house and arrest Plaintiff. Again,

**STATEMENT**

what the Chief was told would constitute hearsay if admitted for the truth. However, if admitted solely to show why the chief gave a particular order, the matters would not constitute hearsay. However, the matters may require a 401 balancing so at this time the Motion is granted subject to review at the time of trial.

5.  To preclude Frank Lesnak from testifying to the contents of a nurse's statement. The Defendant does not intend to use this statement except to the extent that it was communicated directly to Defendant over the radio. Therefore, the Motion is denied as moot.

6.  To preclude Deputy Morrison from testifying about statements made by Nicole Motley. The Defendant does not intend to use this testimony, so the Motion is denied as moot.

7.  To preclude Officer Ligenza from offering expert opinions. Defendant asserts that it should be able to elicit from Ligenza his opinion that Defendant would not have been incapacitated, based on his testimony that he was moving his head back and forth and other information such as the amount of time it would take to handcuff Schneider. Plaintiff points out that Ligenza was not designated as an expert. What Defendant proposes to elicit from Ligenza is clearly technical matters, and specialized knowledge not generally known to lay people. This it is covered by Rule 702. Failure to list Ligenza as an expert forecloses his testimony.

8   To exclude witnesses. Defendant agrees so all witnesses will be excluded except while testifying.

## DEFENDANT'S MOTIONS

1.  To bar references to the "code of silence." Granted in part and denied in part. The Plaintiff may not refer generally to the so-called code of silence, but may to the extent that there is specific evidence of such a code involved in this particular case.

2.  To bar Plaintiff from testifying about the cause of his injuries. This subject was discussed at Plaintiff's Motion No. 2. The Plaintiff may testify about the injures he received at the time of his arrest. He however may be cross-examined about any injures he may have received in the altercation with his wife.

3.  To preclude testimony about the amount of Taser voltage. If as Plaintiff alleges, Defendant knows the amount of voltage, Plaintiff may elicit this fact from him. Defendant was schooled in the use of the Taser and he should know the amount of voltage. This is little different than testifying to the power of a AA battery. Motion denied.

4.  To bar evidence of Plaintiff's reasons or justifications for his flight from police and for resisting arrest. Apparently Plaintiff has a fear of police due to his reading a news article which made him fear for his children's safety. The matter has very limited relevance because the actions of Love are what is relevant, not what Plaintiff was thinking. However, to the extent that Plaintiff may contend that his actions may have contributed to the injury it may have minimal relevance. However, the Court believes that the information that Plaintiff allegedly used his children previously as a shield would appear to have relevance in order to counter this alleged belief on the part of Plaintiff. The Motion is therefore denied.

5.  Barring evidence of any hand injury or continuing or permanent injuries. The Plaintiff does not intend to claim any injuries to his hand. He does intend to describe his injuries as he perceived them at the time and to describe how he currently feels. He may do so as long as he does not attempt to go beyond his

**STATEMENT**

complaints and does not specifically state that any such injury was caused by the actions of Defendant. Motion denied.

6. Motion concerning training materials. Plaintiff does not intend to introduce training materials to prove excessive force but only to show what knowledge Defendant had concerning the use of the Taser. This is appropriate so the Motion is denied.

7. Other lawsuits involving Love and/or other Lake County deputies. Plaintiff does not intend to offer such evidence so the Motion is denied as moot.

8. Concerning the underlying crime that led to Plaintiff' arrest. Plaintiff does not intend to go into the facts of the altercation with his girlfriend. The Motion is denied as moot.

9. Barring evidence of any injuries to the children. Plaintiff does not intend to introduce any such evidence so the Motion is denied as moot.

10. Barring after the fact evidence. This evidence is relevant to the claim for punitive damages so the Motion is denied. The Court also denies the Motion to Bifurcate the issue of punitive damages from the case in chief.